UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIAS TORRES RAMIREZ, | Case No. 24-cv-02728-KAW |
| Plaintiff, | |
| v. | **ORDER REASSIGNING CASE TO A DISTRICT JUDGE; REPORT AND RECOMMENDATION TO DISMISS CASE** |
| TAYLOR ALISON SWIFT, | |
| Defendant. | Re: Dkt. No. 6 |

On May 7, 2024, Plaintiff Elias Torres Ramirez filed the instant case against Defendants Taylor Swift, Travis Michael Kelce, and "Theresa Tommasi and Val." (Compl. at 1-2.) Plaintiff alleged that he and Ms. Swift are "married with a Holy Covenant Marraige [sic]," and that he "need[s] a Gaurdianship [sic] and concervertorship [sic] over her immediately." (Compl. at 3.) Plaintiff further asserts that Mr. Kelce is infringing on his "sacred Relationship," and seeks "[i]mmediate kill orders for this individual in defence [sic] of my spouse and family." (Compl. at 4.) Plaintiff also filed an application to proceed *in forma pauperis* ("IFP application"), in which he asserted he is married to Ms. Swift, and asserted that his bank name and address is "True Link/Apurnum Consevertorship [sic] for the purposes of people stealing. people at my current location continue to burglarize my place." (Dkt. No. 2 at 2, 3.) In signing his IFP application, Plaintiff "declare[d] under the penalty of perjury that the foregoing is true and correct and understand that a false statement herein may result in the dismissal of my claims." (*Id.* at 4.)

On May 31, 2024, the Court denied Plaintiff's IFP application based on the false statements therein, including his assertion that he is married to Ms. Swift. (Dkt. No. 6.) The Court ordered Plaintiff to pay the filing fee by July 5, 2024, and warned that failure to do so would result in the Court reassigning the case to a district judge with the recommendation that the case be

dismissed for failure to pay the filing fee.  (*Id.* at 2.)

To date, Plaintiff has not paid the filing fee.  Accordingly, the Court REASSIGNS the case to a district judge, and RECOMMENDS that the case be dismissed for failure to pay the filing fee.

Additionally, the Court RECOMMENDS that the case be dismissed with prejudice because the factual allegations are plainly frivolous.  Courts have "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  Clearly baseless claims, in turn, are those "that are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (internal quotation omitted).  "A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.  Again, Plaintiff alleges that he is married to Ms. Swift.  (Compl. at 7.)  Based on this, he seeks relief that is plainly unavailable and illegal, including a conservatorship over Ms. Swift and kill orders against Mr. Kelce.  (Compl. at 7-8.)  Much of his complaint is also near incomprehensible, including claims for holy matrimony "[b]ecause I am the Legal male head of our household," an unspecified claim against "Adults" who "need to be admonished," and a demand for relief including social services, airplanes, intellectual property, key codes, items, and "certain individual'(s), be put to death." (Compl. at 9-11.)   The Court further notes that Plaintiff has filed multiple cases with similar allegations, many of which have also been dismissed.  (*See* 23-3826-AMO, *Ramirez v. Swift*; 23-3844-CRB, *Ramirez v. Gienger*; 23-3845, *Ramirez v. Police Department*; 23-3847-SI, *Ramirez v. Breed*; 23-4559-EMC, *Ramirez v. Obama*; 23-3732-JSW, *Ramirez v. Swift*; 24-2874-CRB, *Ramirez v. Swift*; 24-2970-JCS, *Ramirez v. Tommasi*; 24-3023-JCS, *Ramirez v. Tommasi*; 24-3064-MMC, *Ramirez v. James*; 24-2969-KAW, *Ramirez v. Val*; 24-3190-VC, *Ramirez v. Val*; 24-3322-PHK, *Ramirez v. Lady at this location on day & time*; 24-3323, *Ramirez v. Certain Individuals*.)

Any party may file objections to this report and recommendation with the district judge within 14 days of being served with a copy. *See* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b); N.D. Civil L.R. 72-3. The parties are advised that failure to file objections within the specified time may

2

waive the right to appeal the district court's order. *IBEW Local 595 Trust Funds v. ACS Controls Corp.*, No. C-10-5568, 2011 WL 1496056, at *3 (N.D. Cal. Apr. 20, 2011).

IT IS SO ORDERED.

Dated: July 26, 2024

_____
KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California

3